**JUNSHE LI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05-71432.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 21, 2006.*

Filed Sept. 14, 2006.

Junshe Li, Los Angeles, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Brooks Mackintosh, U.S. Department of Justice, Atlanta, GA, Respondent.

Before: GOODWIN, REINHARDT, and BEA, Circuit Judges.

## MEMORANDUM **

Junshe Li, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") order denying his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Baballah v. Ashcroft,* 367 F.3d 1067, 1073 (9th Cir.2003), and we grant the petition for review and remand.

The IJ found that Li's testimony was not credible. On appeal, the BIA assumed Li's testimony to be true and denied relief solely on the merits. Li testified that police detained him for 7 days and repeatedly kicked and beat him for practicing Zhong Gong. We find that the evidence compels the conclusion that he was persecuted. *See Chand v. INS,* 222 F.3d 1066, 1073 (9th Cir.2000) ("Physical harm has consistently been treated as persecution."). As a result, Li is entitled to a presumption of a well-founded fear of future persecution. *See Baballah,* 367 F.3d at 1078–79 (a finding of past persecution gives rise to a presumption of a well-founded fear of future persecution and a presumption of eligibility for withholding of removal).

Li testified that police have looked for him at his home in China on two occasions since he entered the United States. Accordingly, the record compels the conclusion that Li faces at least a ten percent chance of severe harm if police discovered he had returned to China. *See Al Harbi v. INS,* 242 F.3d 882, 888 (9th Cir.2001) ("[E]ven a ten percent chance of persecution may establish a well-founded fear.").

With regard to withholding of removal, the record compels the conclusion that Li showed a "clear probability" that he will be persecuted upon returning to China. *See INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (requiring a court to uphold an agency decision unless the record compels a contrary result).

We remand to the BIA to consider the IJ's adverse credibility finding. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam); *Cordon–Garcia v. INS,* 204 F.3d 985, 993 (9th Cir.2000).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.